

FILED
SUPERIOR COURT
OF GUAM

2022 AUG 16 PM 2: 28

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JAPAN BUS LINES, LLC, | Civil Case No. CV0514-20 |
| Plaintiff, | |
| v. | **DECISION AND ORDER** |
| | **DENYING PLAINTIFF'S MOTION** |
| H.I.S. GUAM, INC., | **TO DISMISS FIRST CAUSE OF ACTION** |
| | **IN DEFENDANT'S COUNTERCLAIM** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 13, 2022 for hearing on Plaintiff Japan Bus Lines, LLC's ("Plaintiff's) Motion to Dismiss First Cause of Action in Defendant's Counterclaim ("Motion"). Attorney Joseph Razzano represents Plaintiff, and Attorney Phillip Torres represents H.I.S. Guam, Inc. ("Defendant"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Plaintiff's Motion.

## BACKGROUND

Plaintiff is a company that provides transportation services for both local residents and tourists visiting Guam. See Complaint for Breach of Contract ("Complaint") at 2 (Jul. 23, 2020). Defendant is a tour agent who provides services to foreign tourists visiting Guam. Id. at 2.

In December of 2012, the parties entered into a contract in which Plaintiff was to provide bussing services for Defendant's customers ("the Contract"). Id. at 2. Under the Contract's terms, Defendant was to pay Plaintiff two hundred thousand dollars ($200,000.00) per month. Id. at 2. The Contract was twice amended, increasing Defendant's payment obligations to two hundred seventeen thousand dollars ($217,000.00) per month on June 12, 2014, and then to two hundred

twenty-three thousand dollars ($223,000.00) per month on June 1, 2015. Id. at 2-3. The Contract was set to expire in March 2018, before Plaintiff exercised its option to extend the Contract until March 31, 2021. Id. at 2.

On March 14, 2020, a state of emergency was declared in Guam following the arrival of the Covid-19 pandemic on island. See Executive Order 2020-03. Defendant temporarily ceased tour operations and essentially all tourism to Guam halted. See Complaint, Ex. F (Jul. 23, 2020). One month later, Defendant informed Plaintiff they were no longer willing to pay the amounts due under the Contract. Id. at 4. Plaintiff subsequently filed their Complaint for Breach of Contract on July 23, 2020. Id. at 1.

On March 12, 2021, Defendant filed their Answer to Complaint for Breach of Contract and Counterclaim ("Answer & Counterclaim"). Defendant counterclaimed for fraud against the Plaintiff, alleging that Plaintiff deliberately misled them when negotiating the Contract's second amendment. See Answer & Counterclaim at 5-7 (Mar. 12, 2021). Plaintiff claims that Defendant "produced misleading documents and made representations that it was losing money on the Contract." Id. at 6. Defendant claims they "reasonably accepted and justifiably relied" on the Plaintiff's representations when amending the Contract. Id. at 6. Defendant alleges damages of six thousand dollars ($6,000.00) per month from June 2015 until March 2020, reflecting the increased monthly price Defendant paid following the second amendment. Id. at 7.

On April 1, 2021, Plaintiff filed their Motion to Dismiss First Cause of Action in Defendant's Counterclaim. Plaintiff argued that Defendant's fraud counterclaim warrants dismissal as Defendant failed to meet GRCP Rule 9(b)'s requirements to plead with particularity. See Motion at 2-5 (Apr. 1, 2021). Specifically, Plaintiff contends that Defendant failed to allege who committed the fraud, what the fraud was, and where/how the fraud was committed. Id. at 3-5.

On April 29, 2021, Defendant filed their Opposition to Plaintiff's Motion to Dismiss ("Opposition"). Defendant claims they alleged sufficient details in their counterclaim to provide Plaintiff with notice as to what particular fraudulent action was alleged. See Opposition at 3-10 (Apr. 29, 2021).

On May 20, 2021, Plaintiff filed their Reply to Defendant's Opposition ("Reply"). Plaintiff claims Defendant improperly supplemented their counterclaim with new facts outside the original pleading. See Reply at 1-3 (May 20, 2021). Plaintiff claims that looking solely at the counterclaim, Defendant has failed to put Plaintiff on notice as to what Defendant's cause of action is. Id. at 3-6.

The Court held a hearing on June 13, 2022. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I. Standard of Review:

Courts will dismiss a claim upon motion when the pleader fails to state a claim upon which relief can be granted. See GRCP Rule 12(b)(6). "Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief." See *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 9 (internal citations omitted). When reviewing a Rule 12(b)(6) motion, the Court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. See *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9.

When pleading allegations of "fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." See GRCP Rule 9(b). Claimants pleading fraud must set forth a claim "with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged." See *Ukau v. Wang*, 2016 Guam 26 ¶ 47. "This standard has been described as a 'who, what, when, where, and how' requirement." Id. at ¶ 47 (internal citations omitted).

### II. Defendant pled with particularity the circumstances surrounding their cause of action alleging fraud.

#### a. Defendant sufficiently alleged who committed the fraud.

Defendant's counterclaim clearly states that Plaintiff committed the fraud when Plaintiff "asserted that it was losing money" and "produced misleading documents" during negotiations leading up to the June 2015 amendment. See Answer & Counterclaim at 6 (Mar. 12, 2021). It naturally follows that the employee representing Plaintiff during these negotiations was the specific individual who committed the fraud, and that the fraud is imputed to the company. See 18 G.C.A. § 20309 (doctrine of *respondeat superior* holds that "a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency.").

Despite Plaintiff already being put on notice of who committed the fraud, Defendant has supplemented this with additional information alleging that it was Shun Matsomoto, the President of Japan Bus Lines, LLC who specifically provided Plaintiff's financial information during the negotiations. See Declaration of Priscila Bacilia, *Ex.* 1 (Apr. 29, 2021). Although this additional information is not needed given the high standard to dismiss under Rule 12(b)(6), it follows that Plaintiff is certainly put on notice of who allegedly committed the fraud moving forward.

b. **Defendant sufficiently alleged what the fraud was.**

Under Guam Law, the elements of fraud are: "(1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages." See *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 12.

Defendant's allegations clearly state that the Plaintiff's fraudulent actions consist of producing "misleading documents" "and representations that it was losing money on the Contract." See Answer & Counterclaim at 6 (Mar. 12, 2021). The alleged misrepresentation is contained in a letter signed by President Shun Matsumoto, setting forth Plaintiff's financial information and why a monthly increase was necessary to continue the Contract. See Declaration of Priscila Bacilia, *Ex.* 1 (Apr. 29, 2021). Knowledge of falsity and intent to defraud are averred generally.

<u>See</u> GRCP Rule 9(b). Defendant also claims to have "reasonably accepted the information and justifiably relied on the representations of Plaintiff" when amending the contract. <u>See</u> Answer & Counterclaim at 6 (Mar. 12, 2021).

Defendant has sufficiently alleged the elements of fraud, and put Plaintiff on notice as to what particular fraudulent action is being alleged.

**c.  Defendant sufficiently alleged where the fraud was committed.**

Defendant's counterclaim clearly states that the fraudulent activity was realized when the parties executed the June 2015 amendment to the Contract, as that's when Defendant started paying an additional six thousand dollars ($6,000.00) per month. <u>Id.</u> at 6. It reasonably follows that the places where the negotiations and exchange of documents leading up to the June 2015 amendment occurred is where Plaintiff's alleged fraudulent activity occurred.

**d.  Defendant sufficiently alleged how they were defrauded.**

Lastly, Defendant's counterclaim clearly states they were defrauded when they relied on the misleading documents and misrepresentations Plaintiff produced in the time leading up to the June 2015 Contract amendment. <u>Id.</u> at 6. Defendant claims this reliance induced them to amend the Contract's terms and increase their payment obligations by six thousand dollars ($6,000.00) per month despite receiving no additional services or consideration in return. <u>Id.</u> at 6.

<u>CONCLUSION</u>

For the reasons stated above, the Court **DENIES** Plaintiff's Motion. Defendant's counterclaim for fraud complies with GRCP Rule 9(b), as Defendant clearly notifies Plaintiff of what particular fraudulent activity is being alleged. The Defendant does not need to amend their counterclaim for fraud, and the counterclaim will not be dismissed.

**IT IS SO ORDERED** this ___August 16, 2022___

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
RAZZ-AND
TORTS
Date:_____ Time:_8/16/22_
Joseph Bamba, Jr.
Deputy Clerk Superior Court of Guam

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**